## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN LITIGATION GROUP, LLP,<br><br>Defendants. | Case No. 1:25-cv-10342 |

## DEFENDANT GUARDIAN LITIGATION GROUP, LLP'S

## MEMORANDUM IN SUPPORT OF DEFENDANT'S

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Guardian Litigation Group, LLP. (herein after referred to collectively as Defendant or Guardian), through its undersigned counsel, moves this Honorable Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) stating the following as justification for such dismissal:

## INTRODUCTION

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6), as it is devoid of facts that would permit a reasonable inference of liability under the Telephone Consumer Protection Act, 47 U.S.C. 227, ("TCPA") on the part of Guardian, directly or vicariously. As discussed in detail below, the complaint is riddled with conclusory statements, unsupported by plausible or coherently plead

1

facts – falling well short of the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny. Moreover, Plaintiff fails to allege injuries to any of the specific interests the TCPA aims to protect. In sum, the allegations of the complaint are insufficient for purposes of either direct or vicarious TCPA liability.

## FACTS

Guardian Litigation Group, LLP is a law firm that has assisted over 55,000 consumers with harassment from debt collectors, lawsuit defense, and settlement of outstanding debts. Guardian receives potential clients from outside referral sources and does not make marketing calls itself. When a referral source believes that a consumer would benefit with Guardian's representation, they submit the consumer's information to Guardian via a web portal. Once the consumer completes an automated quality control ("qc") call and meets the qualifications for Guardian's representation, Guardian will send the consumer a retainer agreement for representation.

Guardian does not place sales calls. Guardian does not use prerecorded messages for contacting consumers. And the phone number (833) 775-2726 is not owned or controlled by Guardian. Further, Guardian is unaware of who controls the phone number as the phone number is not in service. See Exhibit A., Dec. of John Greenway. The only reason that Plaintiff obtained Guardian's retainer when he did

was because he called Guardian, completed a qc call and requested Guardian's representation. After receiving Guardian's retainer agreement, Plaintiff then sent an email to Guardian requesting that Guardian no longer contact him. Guardian complied and has not contacted Plaintiff since. Plaintiff appears to leave out facts from his complaint such as what entity answered the phone call he placed to (833) 775-2726 and how he ended up completing a qc call with Guardian.

Further, Plaintiff has not alleged any harm from the phone call beyond a conclusory statement that he suffered harm. Perhaps it is because Plaintiff has not suffered any harm from the phone call and, in fact, welcomed the phone call he received. In only a cursory review of Pacer, Plaintiff has filed 115 other TCPA cases in the past few years. Plaintiff maintains multiple cellular phone numbers and has listed three separate phone numbers within the 115 TCPA complaints he has filed, including phone numbers with area codes in Illinois and California. With no additional information beyond the complaint and a review of court records, it appears as if Plaintiff wants the phone calls and has not suffered any harm in the singular phone call he received from an unknown caller. As such, this Court should dismiss this action for Plaintiff's failure to plead facts upon which relief could be granted.

**ARGUMENT**

A motion to dismiss under Rule 12 tests the sufficiency of a claimant's pleading. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th. Cir. 1990). Federal pleading standards require that a claim for relief contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8.

In considering a motion directed at a claim or counterclaim under Rule 12(b)(6), a court must accept as true a Plaintiff's factual allegations, *Lewis v. ACB Business Servs., Inc.,* 135 F. 3d 389, 405 (6th Cir. 1998), though this particular principle does not apply to the Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, to survive a motion to dismiss, a pleading must state a *plausible* claim. *Id*. To state a plausible claim, a claimant must do more than provide an unadorned accusation that he was unlawfully harmed. *Id.* Determining whether a claimant has stated a plausible claim, "is a context-specific task," requiring the application of judicial experience and common sense. *Id*. While legal conclusions may provide the framework of a complaint, such conclusions must be supported by sufficient factual allegations. *Id.* Only a claim that includes sufficient factual content that allows the court to draw an inference of liability satisfies *Twombly*, *Iqbal*, 556 U.S. at 662. "Plaintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action," *LULAC v. Bredsen*,

500 F.3d 523, 527 (6th Cir. 2007). The factual allegations must do more than "create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id*. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id*.

**A. Plaintiff's Complaint Should Be Dismissed Because Plaintiff Fails to State Any Facts Alleging that Guardian Either Placed the Calls in Question Directly or Through Authority Granted to the Entity that Placed the Phone Call.**

Plaintiff's complaint fails to allege how Guardian would be liable for the call in question. Plaintiff fails to identify Guardian as the placer of the call and fails to establish that, even if another individual or party placed the call, it did so at the direction of or with the authority of Guardian.

**1. Plaintiff's Complaint Improperly Lumps Facts Together in General Allegations**

In his complaint, Plaintiff appears to leave out facts connecting Guardian to the phone call he received. Instead, Plaintiff tries to connect Guardian to the phone call simply stating that he received Guardian's retainer when he called the phone number back. Without more, Plaintiff attempts to plead his facts in a fashion that violates the pleading standards of Rules 8(a)(2) and 10(b) and fails to provide Defendant with the requisite "fair notice" and "grounds" upon which his claims rest. *See Twombly*, 550 U.S. at 555 n.3. "Rule 8(a)(2) precludes lumping plaintiffs and

5

defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant." *Zola H. v. Snyder*, No. 12-14073, 2013 U.S. Dist. LEXIS 125199, at *26(E.D. Mich. Sept. 3, 2013); *Davis v. Bank of America Corporation*, 2017 WL 569159, at *1 (N.D. Ill. Feb. 13, 2017); *see also Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed").

Plaintiff states no plausible facts connecting Guardian to that specific phone call other than to say that he called the caller id back and somehow ended up with Guardian's retainer agreement. This generalized approach by Plaintiff to hold Guardian accountable, regardless of who placed potentially violating phone call to Plaintiff, is not allowed under the pleading standards dictated by Rule 8(a)(2) and 10(b).

### 2. The Complaint Does Not Contain Sufficient Allegations to Hold Guardian Directly Liable Under the TCPA

Direct liability under the TCPA applies only to entities that "initiate" telemarketing calls. *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 742 (6th Cir. 2013); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014). An entity "initiates" a telephone calls when it takes the steps necessary to physically place a telephone call. *See FCC Ruling*, 28 F.C.C.R. at 6583 ¶ 26. But Plaintiff includes no allegations that Guardian

took any steps to physically initiate a call to anyone. Accordingly, as the complaint has been plead, Guardian cannot be directly liable to Plaintiff under the TCPA.

### 3. Plaintiff's Complaint Does Not Contain Sufficient Allegations that the Alleged Calls Were Placed by a Person Acting with the Actual Authority of Guardian

"A formal agency relationship arises when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Se*e *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 U.S. Dist. LEXIS 183095, at *19 (M.D. Tenn. Nov. 19, 2014 (citing Restatement (Third) Agency § 1.01 (2006)). *Smith*, 30 F. Supp. 3d at 775, *quoting* Restatement (Third) Agency § 1.01 (2006). An agent's authority may be actual or apparent, and actual authority may be express or implied. *Bells Banking Co. v. Jackson Ctr*., 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996); *Opp v. Wheaton Van Lines, Inc*., 231 F.3d 1060, 1064 (7th Cir. 2000). It is well settled that apparent authority can only be established through the acts of the principal, not the agent. *Franklin Distrib. Co. v. Crush Int'l*, 726 S.W.2d 926, 931 (Tenn. App. 1986); *Bells Banking Co. v. Jackson Ctr*., 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996). "Anagent has express authority when the principal explicitly grants the agent the authority to performa particular act." *Id*.

Plaintiff has not alleged any facts establishing that any person was acting at the direction or on behalf of Guardian, or that Guardian expressly or impliedly granted any such person authority to make calls on its behalf. While    Plaintiff alleges Guardian was the caller, the complaint lacks any factual allegations showing that any entity that placed the unwanted call acted at the direction of Guardian or was subject to Guardian's control. The allegation overlooks the reality that the phone number featured in the voicemail is not Guardian's. It also overlooks the probability that the number which left the voicemail differs from that featured number.

Plaintiff also does not allege that Guardian entered into a contract that would grant to any person some form of authority to act on its behalf and make phone calls promoting its products. Rather, Plaintiff makes conclusory assertions that Guardian made the phone calls in question. Such conclusory assertions without factual backing are insufficient under *Twombly* and *Iqbal*. *See Cunningham*, 2014 U.S. Dist. LEXIS 183095, at *19 (court found no vicarious liability for a defendant when *same plaintiff as in this matter* merely asserted, without any proof, that telemarketing calls were made on defendant's behalf by alleged agents of defendant); *see also Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982-84 (N.D. Ill. 2013) (court found plaintiff's complaint alleging TCPA violations to be "highly suspect" because it "merely recite[d] naked facts mimicking the elements of a cause of action under

the TCPA"); *Smith*, 30 F.Supp. 3d at 777 (no formal agency pleaded where plaintiffs made merely conclusory allegations without any factual support).

As in those cases, Plaintiff herein does not allege *how* Guardian established or maintained such alleged control or *how* such alleged control was exercised. Moreover, as noted above, the shotgun allegation that Guardian left the voicemail makes no sense at all. Accordingly, Plaintiff fails to allege that the phone call in question was placed with Guardian's actual authority.

### 4. Plaintiff's Complaint Does Not Contain Sufficient Allegations that the Alleged Calls Were Placed by a Person Acting with the Apparent Authority of Guardian

The Complaint also does not contain sufficient allegations to support a claim of vicarious liability based on apparent authority. The Restatement (Third) of Agency defines "apparent authority" as "the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and *that belief is traceable to the principal's manifestations*." *See Central States S.E. and S.W. Areas Pension Fund v. Kraftco, Inc.,* 799 F.2d 1098, 1113 (6th Cir. 1986) (en banc); Restatement (Third) of Agency § 2.03 (emphasis added); *see also Smith*, 30 F. Supp. 3d at 777. Apparent authority only arises "where the principal himself by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority." *Franklin Distrib. Co*.,

9

Inc., 726 S.W.2d at 931 (quoting *Southern Railway Co*., 138 Tenn. 238, 197 S.W. 675 (1917)) *see also Pantoja v. Village of Hoffman Estates*, 2005 WL 372193, at *7 (N.D. Ill. Feb. 15, 2005), *quoting Letsos v. Century 21-New West Realty*, 285 Ill.App.3d 1056, 1065 (Ill. App. Ct. 1996). As such, apparent authority is only created where the principal makes a "manifestation" to a third party, and the third party has a "reasonable" belief that an actor has the principal's authority to act. These requirements are not satisfied here.

The Complaint alleges no facts suggesting that Guardian made manifestations to the Plaintiff that would lead him to reasonably believe that it had authorized any person or defendant to make the alleged unlawful call. First, Plaintiff never alleges that he communicated with Guardian, let alone that Guardian suggested to him that any of the callers were Guardian's agents. The agent's statements or manifestations are not sufficient to create an apparent agency relationship." *Central States S.E. and S.W. Areas Pension Fund,* 799 F.2d at 1113; *Cunningham*, U.S. Dist. LEXIS 183095, at *19 (M.D. Tenn. Nov. 19, 2014) (dismissing apparent agency claims because "[t]here are no facts alleged that Defendant Kondaur itself took any actions as a principal that would have caused the plaintiff to believe that the [alleged agents] had apparent authority to act on Kondaur's behalf."). *Bridgeview Healthcare Ctr. Ltd. v. Clark*, 2013 WL 4495221, at *3 (N.D. Ill. Aug. 21, 2013) (quotations omitted) (holding that the unauthorized act of defendant's agent would not create an

apparent agency relationship giving rise to TCPA liability); *see also, Opp*, 221 F.3d at 1064 ("Only the words or conduct of the alleged principal, not the alleged agent, establish the [apparent] authority of an agent"). In *Smith*, the court dismissed an apparent agency claim against an insurance company because "Plaintiffs [did] not trace any belief that they may have [had] about an agency relationship...to a manifestation" of the alleged principal. 30 F. Supp. 3d at 778.

Second, Plaintiff does not assert that he reasonably believed that the individual making the call was Guardian's agent when he received the call. Apparent authority "is inapplicable when a third party does not reasonably believe that an agent's action has been authorized by the principal." Restatement (Third) of Agency § 7.08 cmt. b; *see also Sphere Drake Ins., Ltd. v. American Gen. Life Ins. Co*., 376 F.3d 664, 6784 (7th Cir. 2004) (insurance broker did not have apparent authority where third party "had the means to determine the extent of [purported agent's] authority"). Again,

Third, Plaintiff fails to allege that he was injured as a result of his reliance on any belief that the caller was a Guardian agent. Under the doctrine of apparent agency, "a principal can be held vicariously liable in tort for injury caused by the negligent act of his apparent agent if the injury would have not occurred but for the injured party's justifiable reliance on the apparent agency." *O'Banner v. McDonald's Corp*., 173 Ill. 2d 208, 213 (Ill. 1996). Here, Plaintiff has not alleged

that he relied on the caller's apparent authority as an agent of Guardian. *See Pantoja*, 2005 WL 372193, at \*7 (apparent agency requires that "an innocent third party reasonably rel[y] on the apparent agency and [be] harmed as a result"). For these reasons, Plaintiff's allegations do not raise a plausible inference that the alleged "Insurance Sales Agents" acted with apparent authority of Guardian.

5. **Plaintiff's Complaint Does Not Contain Sufficient Allegations that Guardian Has TCPA Liability Because It Ratified the Acts of a Person Who Placed the Calls to Plaintiff**

Plaintiff's allegations also fail to state a claim under the theory of ratification, because such a theory entails the prerequisite of an agency relationship. As detailed above, Plaintiff has not properly alleged that an actual or implied agency relationship existed between Guardian and the individual who made the calls. *See* Restatement (Third) of Agency § 4.03 cmt. b. ("When an actor is not an agent and does not purport to be one, the agency-law doctrine of ratification is not a basis [for liability]"); *see also Sahu v. Union Carbide Corp*., 2012 WL 2422757, at \*17 (S.D.N.Y. Jun. 26, 2012) *aff'd* 528 F. Appendix 96 (2d Cir. 2013) (holding that "ratification doesnot give rise to the agency relationship itself … it presupposes an agency relationship"); *In re Marriage of Clarke*, 194 Ill. App. 3d 248, 255, 550 N.E.2d 1220 (1st Dist. 1990) ("Ratification requires an act indicating approval of the originally unauthorized act of the agent"). Additionally, even if there is a preexisting relationship between two parties, ratification requires that the principal

retain a benefit and have full knowledge of all material facts at the time of ratification. *See* Restatement (Third) of Agency § 4.01 cmt. g.; *Cunningham*, 2014 U.S. Dist. LEXIS 183095, at *19 ("Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."); *Sphere Drake Ltd.*, 376 F. 3d at 677-78 ("Ratification requires that the principal have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction") (internal quotations omitted).

Here, Plaintiff does not allege facts suggesting that Guardian received any benefit from the call at issue. Courts have rejected similar ratification claims when the plaintiff fails to allege that they did business with defendant as a result of the calls or otherwise accepted the benefits of the alleged agents' actions. *See e.g., Toney v. Quality Resources, Inc.*, 75 F.Supp.3d 727, 745-46 (N.D. Ill. 2014); *Cunningham*, 2014 WL 8335868, at *7-8. Notably, Plaintiff does not allege that Guardian had knowledge of all material facts surrounding the alleged call made by the caller, nor does Plaintiff assert any facts stating that Guardian knew that the caller was allegedly using prerecorded messages in violation of the TCPA. For these reasons, Plaintiff has failed to plead plausible grounds for liability based on ratification.

## **CONCLUSION**

Plaintiff has no facts connecting Guardian to any of the claims he brings in this matter. Guardian asks the Court to recognize the deficiencies in Plaintiff's

complaint and dismiss it from this matter. Plaintiff should not be allowed to burden the Court and Guardian with such a meritless claim, void of facts. For these reasons and all the reasons stated above, the Court should dismiss Guardian from this suit.

Dated: <u>September 24, 2025</u>

Respectfully Submitted:

By: <u>*/s/ Jeffrey Lohman*</u>.
Jeffrey Lohman
**The Law Offices of Jeffrey Lohman, PLLC**
2325 Camelback Road, Ste 400
Phoenix, AZ  85016
Email: JeffL@jlohman.com
T: (602) 461-7404

Attorney for Defendant,
GUARDIAN LITIGATION
GROUP, LLP

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on all parties and counsel of record via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure on September 24, 2025

By: _/s/ Jeffrey Lohman_.
Jeffrey Lohman