**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JORGE ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-10342 |
| | ) | |
| GUARDIAN LITIGATION GROUP, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GUARDIAN LITIGATION GROUP, LLP'S
## REPLY TO PLAINTIFF'S OPPOSITION

Defendant Guardian Litigation Group, LLP. (herein after referred to collectively as Defendant or Guardian), through its undersigned counsel, moves this Honorable Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and submits the following in response to Plaintiff's Opposition to Defendant's Motion (Plaintiff's "Opposition"):

### PLAINTIFF'S OPPOSITION ONLY SUPPORTS GUARDIAN'S MOTION

Defendant reiterates and incorporates by reference the arguments made in its Motion to Dismiss and submits that Plaintiff's Opposition only supports and clarifies the points and arguments made in its previous submission.

While Plaintiff's Declaration should be disregarded by this Court as being riddled with compound statements, legal conclusions, and self-serving misstatements, Plaintiff does provide insight and support for Guardian's reasons for seeking a dismissal of Plaintiff's claims. As Plaintiff clarifies in his Declaration, Plaintiff received a voicemail from a company named "five point lending" [sic] offering him a loan. Guardian does not offer loans. Guardian is a law firm (*See* Dckt. 6: Declaration of John Greenway). Plaintiff does not explain how a voicemail from a loan company

led to him receiving Guardian's retainer agreement or Plaintiff's completion of a quality control enrollment process to receive Guardian's retainer agreement. Guardian did not call Plaintiff and Plaintiff has not pled any facts by which it is even remotely alleged that the company "five point lending" was placing phone calls on behalf of Guardian or with Guardian's authority.

Further, neither Plaintiff's Complaint nor Opposition explain or allege that "five point lending" was placing phone calls on behalf of Guardian. Instead, Plaintiff asks this Court to ignore his own facts that a company other than Guardian left a voicemail on Plaintiff's cell phone, offered Plaintiff a loan, and then Plaintiff magically obtained Guardian's retainer agreement when he returned the phone call. For these reasons, this Court should dismiss Plaintiff's complaint with prejudice or, at the least, amend the complaint to include facts that plausibly allege the voicemail left by "five point lending" was placed with Guardian's authority.

## CONCLUSION

Plaintiff has no facts connecting Guardian to any of the claims he brings in this matter. Guardian asks the Court to recognize the deficiencies in Plaintiff's complaint and dismiss it from this matter. Plaintiff should not be allowed to burden the Court and Guardian with such a meritless claim, void of facts. For these reasons and all the reasons stated above, the Court should dismiss Guardian from this suit.

Dated: October 28, 2025       Respectfully Submitted:

By: */s/ Jeffrey Lohman*
Jeffrey Lohman
Gator Law, P.C.
2 N Central Avenue, Suite 1800
Phoenix, AZ 85004
E: attorneys@gatorlawpc.com
P: (385) 324-5471
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on all parties and counsel of record via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure on October 28, 2025.

By: */s/ Jeffrey Lohman.*
Jeffrey Lohman
