UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
Eastern Division

Jorge Rojas
                              Plaintiff,

v.                                                    Case No.: 1:25–cv–10342
                                                          Honorable John Robert Blakey

Guardian Litigation Group, LLP
                                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, February 19, 2026:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff has filed a complaint seeking to sue Defendant under the Telephone Consumer Protection Act of 1991 for an unsolicited phone call Defendant allegedly made to Plaintiff. [1]. Defendant moves to dismiss the complaint. [6]. For a complaint to survive a motion to dismiss, the factual content as pled must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Defendant argues, among other things, that Plaintiff has not alleged enough facts to connect Defendant to the phone call at issue. See [6–1]. The Court agrees. Plaintiff's complaint states he received an unsolicited phone call on August 14, 2025. [1] 18. The call went to voicemail and left a pre–recorded message that included a callback number. See id. 19. Plaintiff called the number left on the voicemail. Id. 21. Plaintiff provides no facts concerning the contents of this later phone call, let alone any facts that might implicate Guardian Litigation Group. Plaintiff only pleads that "in response" (to what it is unclear) he received a retainer agreement that "identified the caller as Guardian Litigation Group." Id. 22. Plaintiff alleges no facts to connect Guardian to either call and instead only provides a factual conclusion that Guardian placed the calls. In his response to the motion to dismiss, the Plaintiff attempts to bolster the factual recitation contained in his complaint. A court may properly consider such material, provided the new facts are consistent with those in the complaint. See Help at Home, Inc. v. Med. Cap., LLC, 260 F.3d 748, 75273 (7th Cir. 2001). Here too, though, Plaintiff does not allege enough facts to plausibly show Guardian's responsibility for the initial phone call. In his response to the motion to dismiss, Plaintiff reveals that the caller in the prerecorded voicemail identified himself as "Jake Barrett from five point lending." [8–1] 16. Further, Plaintiff claims that when he called the callback number, he was taken directly to Guardian's intake process, [8] at 2, but he does not present the Court with any of the facts to show that this "intake process" was, in fact, with Guardian. For example, he gives no statements he heard while on the line that would establish this connection. Instead, he states that he was then transferred to a representative named Oleg who Plaintiff again alleges, without factual support, was "connected" to Guardian. Id. at 3, 5. The only facts pertaining to Guardian derive from a retainer agreement Plaintiff later received, allegedly via the individual named Oleg, that, in turn, bore Guardian's logo and branding. Id. Despite Plaintiff's repeated mention of this retainer, see, e.g., [1] 22, [8] at 1, 3, 4, 5, 9, 10, 12, 14, [8–1]

1819, he never explains the circumstances surrounding how he exactly came into possession of it. At this point, it remains entirely unclear when Plaintiff received this retainer in relation to the phone call (the only suggestion of time comes from the argument section of his response which claims it came "directly after Plaintiff followed the instructions in the prerecorded voicemail," [8] at 9). Likewise, the method of how Plaintiff received the retainer (whether it be by mail, text message, fax, letter, or some other means) is also undisclosed. Plaintiff furnishes no factual allegations as to how he knew Oleg supplied the retainer or exactly why he received this retainer. Aside from bare conclusory statements, the post–call, logo–branded retainer represents the only fact that connects Defendant to this incident. And the retainer leaves more questions than answers. A plaintiff at the motion to dismiss stage needs to allege enough facts to "present a story that holds together," Bilek v. Fed. Ins. Co., 8 F.4th 581, 586 (7th Cir. 2021) (quotation omitted), and Plaintiff fails to do so. Accordingly, this Court grants Defendant's motion to dismiss [6] and dismisses Plaintiff's complaint without prejudice. If Plaintiff can, consistent with his obligations under Rule 11, amend his complaint to cure the deficiencies noted in this order, he may file an amended complaint within 21 days of the entry of this order. Although the Court bases its dismissal on the factual insufficiency of the complaint, if Plaintiff decides to amend his complaint, he must also bear in mind that Article III standing requires that he have suffered an actual injury. Merely describing a technical statutory violation cannot suffice. See Gadelhak v. ATT Servs., Inc., 950 F.3d 458, 46163 (7th Cir. 2020); Freeman v. Ocwen Loan Servicing, LLC, 108 F.4th 520, 529 (7th Cir. 2024); see also Rojas v. Inclaims, Inc., No. 24–cv–11828 (N.D. Ill. May 19, 2025) (final order dismissing action and warning Plaintiff about standing). If Plaintiff fails to amend his complaint by the deadline, the Court will dismiss this action. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.